IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| BOBBY W. MANESS, an Individual, § <br> § <br> Plaintiff, § <br> vs. § <br> § <br> XCEL ENERGY SERVICES INC., § <br> d/b/a XES, a Delaware Corporation, § <br> SOUTHWESTERN PUBLIC SERVICE, § <br> a New Mexico Corporation, and § <br> G4S SECURE SOLUTIONS (USA), § <br> INC., f/k/a the WACKENHUT § <br> CORPORATION, a Florida § <br> Corporation, § <br> Defendants. § | CIVIL ACTION NUMBER <br><br> 2:10-CV-200-J |

## ORDER DENYING MOTION FOR CLASS NOTICE

Plaintiff moves for the Court to conditionally certify a Fair Labor Standards Act (FLSA) class and to authorize notice to potential class members, who are said to be employees of Defendants Xcel Energy, Southwestern Public Service (SPS), and G4S Secure Solutions (G4S) in four states. All of the Defendants oppose conditional class certification for numerous reasons. Plaintiff's motion is denied because, among other reasons, Plaintiff has not shown that this case should proceed as a class action.

Plaintiff Bobby Maness alleges that he was a non-exempt supervisory security employee of G4S, Xcel and/or SPS who was wrongfully classified as a FLSA-exempt employee. He alleges he worked at Defendants' facilities in New Mexico, Texas and Colorado. He seeks to represent a class of similarity-situated G4S supervisors numbering between four and seven persons, two of whom have already declined to join this lawsuit as party plaintiffs, plus potentially up to 13 other employees of Xcel and SPS whom Plaintiff alleges are also wrongfully classified as FLSA-exempt employees.

The potential class members work or worked in New Mexico, Texas, Colorado and Minnesota. Plaintiff seeks conditional certification of an opt-in class of wrongfully-classified supervisory employees in all four states, for the Court to order all three Defendants to disclose certain personal information on those persons,[1] and for the Court to authorize an opt-in notice delivered to all potential class members defining the class and setting forth time limits for them to opt in to this suit. Plaintiff has defined the putative class with more than one proposed class definition.

Defendants oppose the relief requested. Defendants argue that Plaintiff as a G4S employee is not similarly situated to any Xcel or SPS supervisory employee, therefore he can not be an adequate class representative for any of their employees. Defendants state that the number of potential class members, even if Xcel and SPS employees are included, is insufficient for this case to proceed as a FLSA opt-in class action instead of as a FLSA action with individually-named plaintiffs. Defendants argue that Plaintiff has not adequately defined the proposed class, has produced no evidence of a class-wide FLSA violation, and that at best Plaintiff complains of individualized violations by three separate employers who have no uniform policy applicable to the class. For these reasons Defendant ask the Court to deny conditional certification and notice or, in the alternative, to authorize notice only to a class composed of five or less G4S employees.

The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 213 *et seq.* (FLSA), requires covered employers to pay their nonexempt employees the federal minimum wage for all hours worked plus overtime pay of time and one-half the regular rate of pay for hours worked in excess of forty (40) in a work week. One or more employees may sue to recover unpaid wages on behalf of themselves and other employees similarly situated. 29 U.S.C.A. § 216(b). Federal district courts have discretion,

---

[1] Plaintiff wants Defendants "to produce the names, addresses and/or last known addresses, telephone numbers and social security numbers of all employees at Defendants' Amarillo facility and other related facilities in Texas, New Mexico, Colorado and Minnesota from the time period of August 18, 2007, to the date of the Order" granting Plaintiff's motion.

in appropriate cases, to implement the provision of 29 U.S.C.A. § 216(b) requiring employees to give consent in writing to become a party plaintiff in a FLSA class actions by facilitating notice to potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169-70, 110 S.Ct. 482 (1989)(citing Fair Labor Standards Act of 1938, § 16(b), as amended). Further, district courts may permit discovery of the names and addresses of discharged employees where that discovery is relevant to the subject matter of the action (i.e., the claims and defenses raised therein) and there are no grounds to limit the discovery under the facts and circumstances of a case. *Id.,* 493 U.S. at 170.

It is unclear in this record who actually employed Plaintiff Maness – G4S alone, as all Defendants allege, or all Defendants collectively, as Plaintiff alleges. Given that lack of clarity, it is premature to tentatively certify a class including Xcel and SPS employees or to authorize such a class notice. In addition, given the fact that at this time there are only four or five similarly situated G4S employees, Plaintiff has not shown that this case should proceed as a class action.

This record is silent as to what relevant laws might apply to Plaintiff's joint-employee claim, and what evidence Plaintiff must supply to make that case in the context of a FLSA class action. *Cf. Madison v. Chalmette Refining, L.L.C.,* ___ F.3d _, 2011 WL 1226965 at 2326 (5th Cir. April 04, 2011)(the district court must consider the issue of different states' laws when determining whether putative plaintiffs have common claims and are similarly situated). The Count should further consider whether this case could be streamlined before certification by using other case management tools, including narrowing the claims and potential plaintiffs through summary judgment, or facilitating the disposition of the remaining plaintiffs' claims through issuance of other orders. *See id.*

This record is unclear as to what factual issues may be common to all opt-in plaintiff regarding Plaintiff Maness' claim that he was improperly classified an a FLSA exempt supervisory

employee. The FLSA contains a number of exemptions from the minimum wage and overtime pay requirements. Section 13(a)(1) of the FLSA provides an exemption from the federal minimum wage and overtime requirements for employees employed in *bona fide* executive and administrative capacities, or combinations thereof, and for certain highly compensated employees, as these terms are defined and delimited by regulations of the Secretary of Labor. 29 C.F.R. § 541.0. Exemptions from FLSA minimum wage and maximum hour requirements for employees serving in a *bona fide* executive or administrative capacity are "narrowly construed against the employer, and their application limited to those plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *Secretary of Labor, U.S. Dept. of Labor v. 3Re.com, Inc.*, 317 F.3d 534, 539 (6th Cir. 2003). The burden of proving these exemptions is upon the employer, and if the record is unclear as to some exemption requirement the employer will be held not to have satisfied its burden. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206, 86 S.Ct. 737, 747, 15 L.Ed.2d 694 (1966); *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001); *Fazekas v. Cleveland Clinic Found. Health Care Ventures, Inc.*, 204 F.3d 673, 676 (6th Cir. 2000)(It is "the employer [who] bears the burden of showing that the ... exemption applies to [each of] the employees.").

While the burden of proving the narrowly-construed exemptions is upon the Defendants, that does not excuse Plaintiff from the requirement to show that they are similarly-situated employees. Plaintiff alleges that the total potential class consists of "10 to 15 employees at any one time similarly situated and likely less than 20 in the total class" who are "improperly classified... as exempt salaried, although paid by the hour, and improperly classified ... as independent contractors or contractors." Plaintiff has not addressed which law – one or more of the four states at issue, or federal, or some combination thereof – governing independent contractor status would be applied

to determine his wrongful classification/independent contractor/contractor claims. He has not addressed which law or laws control his "they are joint employees" claim. He has not shown that common facts predominate over individual determinations.

Plaintiff has not addressed which FLSA exemptions apply to which Defendants' allegedly wrongfully classified FLSA-exempt employees. He has not focused upon what facts, if any, are common and predominate among the 15 to 20 potential class members. He has not focused upon how those claims might properly be handled at trial to successfully avoid the danger of confusion of factual and legal issues and maintaining individual consideration of the claims and defenses of the parties in this jury case. Plaintiff has not show why he is an adequate representative for the opt-in class.

Plaintiff has not shown how this class action is an appropriate vehicle to resolve those claims, given the number of potential class members. Plaintiff has not addressed why the individual facts of each potential class member's employment situation, which are determinative of proper FLSA exemption classifications and control his independent contractor and/or contractor versus joint employee claims, are common and predominate under the specific facts of this case.

For all of these reasons, Plaintiff's motion to conditionally certify a FLSA class and to authorize an opt-in notice to members of that class is denied.

It is SO ORDERED.

Signed this the _21st_ day of April, 2011.

HON. MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE